1  KEKER & VAN NEST LLP
   ELLIOT R. PETERS - # 158708
2  epeters@kvn.com
   KHARI J. TILLERY - # 215669
3  ktillery@kvn.com
   BEN ROTHSTEIN - # 295720
4  brothstein@kvn.com
   633 Battery Street
5  San Francisco, CA 94111-1809
   Telephone:    415 391 5400
6  Facsimile:    415 397 7188

7  Attorneys for Petitioner HOGAN LOVELLS US LLP

8                  UNITED STATES DISTRICT COURT

9                NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO DIVISION

11 HOGAN LOVELLS US LLP,                       Case No.

12            Petitioner,                      **HOGAN LOVELLS US LLP'S PETITION
                                               TO COMPEL ARBITRATION
13        v.                                   PURSUANT TO 9 U.S.C. § 4**

14 CONVERSANT INTELLECTUAL
   PROPERTY MANAGEMENT INC.,
15
            Respondent.
16

17

18

19

20

21

22

23

24

25

26

27

28

HOGAN LOVELLS US LLP'S PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4
Case No.

820534.02

1    Petitioner Hogan Lovells US LLP ("Hogan Lovells") respectfully petitions this Court,

2  pursuant to the Federal Arbitration Act, 9 U.S.C. § 1, *et seq*., to compel Respondent Conversant

3  Intellectual Property Management LLP ("Conversant") to arbitrate its threatened professional

4  negligence claim as part of the arbitration proceeding initiated by Hogan Lovells, which relates to

5  the same representation.  The requested relief is in aid of arbitration and intended to preserve and

6  not to displace the parties' agreement to arbitrate.  This petition is supported by the

7  accompanying Memorandum of Points and Authorities and the Declaration of Khari J. Tillery in

8  support thereof.

9                                   **THE PARTIES**

10    1.    Petitioner Hogan Lovells US LLP is Hogan Lovells' law practice in the Americas.

11  Hogan Lovells US LLP is a District of Columbia LLP with offices throughout the Americas,

12  including three in California (San Francisco, Silicon Valley, and Los Angeles).  Hogan Lovells

13  US LLP has no offices in Canada.  The representation relevant to the dispute between Hogan

14  Lovells was based out of Hogan Lovells' San Francisco office, which is located at 3 Embarcadero

15  Center, Suite 1500, San Francisco, CA  94111.

16    2.    Respondent Conversant, formerly known as MOSAID Technologies Inc., is an

17  intellectual property management company headquartered in Ottawa, Canada, and with its

18  principal place of business located at 11 Hines Road, Suite 203, Ottawa, ON, Canada K2K 2X1.

19  Conversant also has offices in Plano, Texas, and in Tokyo, Japan.

20                             **JURISDICTION AND VENUE**

21    3.    This Court has subject matter jurisdiction over this petition under 28 U.S.C.

22  § 1332(a) because there is complete diversity of citizenship between the parties, and the amount

23  in controversy exceeds $75,000, exclusive of costs and interests.

24    4.    This Court has personal jurisdiction over Conversant because Conversant entered

25  into a contract with Hogan Lovells that Hogan Lovells accepted in California.  Conversant was

26  specifically represented by a group of Hogan Lovells partners based in Hogan Lovells' San

27  Francisco office during the representation of Conversant.  Additionally, Conversant is a repeat

28  litigant in the Northern District of California.  *See*, *e.g.*, *MOSAID Technologies, Inc. v. Micron*

1

820534.02

1     *Technology, Inc.*, 5:08-CV-04494-JF (N.D. Cal.); *MOSAID Technologies, Inc. v. Powerchip*

2     *Semiconductor Corp.*, 5:09-cv-01838-JF (N.D. Cal.); *Promos Technologies Inc. v. MOSAID*

3     *Technologies, Inc.*, 5:06-CV-05788-JF (N.D. Cal.); *Infineon Tech. North. Am. Corp. v. MOSAID*

4     *Technologies, Inc.*, No. 5:02-CV-5772-JF (N.D. Cal.).

5          5.      Venue is proper in this district under 18 U.S.C. § 1391, including because

6     Conversant is subject to personal jurisdiction in this district, and because a substantial part of the

7     alleged events or omissions giving rise to the parties' dispute occurred in this district.

8                                    **FACTUAL BACKGROUND**

9          6.      On or about March 9, 2011, Hogan Lovells entered into a retainer agreement with

10    Conversant (the "Retainer Agreement"), pursuant to which Hogan Lovells agreed "to represent

11    [Conversant] in licensing and litigation matters related to [Conversant's] patent portfolio." *See*

12    Declaration of Khari J. Tillery in Support of Hogan Lovells US LLP's Petition to Compel

13    Arbitration Pursuant to 9 U.S.C. § 4 ("Tillery Decl."), Ex. 1 (Retainer Agreement).

14         7.      The Retainer Agreement was sent to Conversant from San Francisco by a Hogan

15    Lovells partner based in Hogan Lovells' San Francisco office.  The Retainer Agreement was

16    signed on behalf of Hogan Lovells on or about March 8, 2011, and on information and belief, it

17    was signed on behalf of Conversant in Canada by its then-General Counsel on or about March 9,

18    2011.  *See id.*

19         8.      Section 10 of the Retainer Agreement is entitled "**Arbitration of Disputes**"

20    (emphasis in original).  This section extends to "any disputes or claims of any type or nature with

21    respect to services rendered pursuant to this engagement letter, including without limitation,

22    disputes or claims related to legal fees for such services." *Id.*  This section also contains a clear

23    waiver of the parties' right to a jury trial:  "The parties recognize that, by agreeing to arbitration,

24    they will be waiving any right to a jury trial and the extensive discovery rights typically permitted

25    in judicial proceedings." *Id.*  The entire, unabridged text of the "Arbitration of Disputes" section

26    reads:

27              The parties agree to final binding arbitration regarding any disputes or claims of
              any type or nature with respect to services rendered pursuant to this engagement
28              letter, including without limitation, disputes or claims related to legal fees for

                                                    2

820534.02

such services.  The parties recognize that, by agreeing to arbitration, they will be waiving any right to a jury trial and the extensive discovery rights typically permitted in judicial proceedings.  Unless otherwise agreed to by the parties or required by applicable jurisdictional requirements, the UNCITRAL Arbitration Rules shall govern the arbitration, the American Arbitration Association shall be the appointing authority, and the number of arbitrators shall be one.

9.     The Retainer Agreement, including Section 10, remained the operative agreement controlling the terms of Hogan Lovells' representation of Conversant for the duration of the representation.

10.     On information and belief, Conversant acquired a patent portfolio from a company called SercoNet in 2009, and subsequently engaged in licensing negotiations with Cisco Systems. Inc. ("Cisco"), relating to that patent portfolio.  Those negotiations reached an impasse, and in August 2010 Cisco filed a declaratory judgment action in the United States District Court for the District of Delaware ("Delaware Action"), seeking a judgment of non-infringement and invalidity as to Conversant's asserted patents.

11.     Following the execution of the Retainer Agreement in March 2011, a group of partners in Hogan Lovells' San Francisco office represented Conversant in the Delaware Action against Cisco.  Prior to that time, these partners had represented Conversant against Cisco while at a different law firm in San Francisco.

12.     In May 2011, Conversant filed a concurrent patent infringement complaint against Cisco with the U.S. International Trade Commission, asserting six out of the ten patents at issue in the Delaware litigation and seeking to preclude Cisco from importing infringing products into the United States (the "ITC Investigation").  Hogan Lovells represented Conversant in this action as well primarily from its San Francisco office.

13.     The ITC Investigation settled in April 2012.  In July 2012, Hogan Lovells withdrew as counsel for Conversant in the Delaware litigation, which remained pending at that time.  The representation was terminated by Conversant.

14.     On July 5, 2013, Cisco filed a second amended complaint in the Delaware action, adding several claims, including a civil claim under the Racketeer Influenced and Corrupt Organizations Act, 19 U.S.C. § 1961 *et seq*.

3

820534.02

15.     On information and belief, Cisco settled its lawsuit with Conversant in late March/early April 2014, and the Delaware court granted the parties joint motion to dismiss the case with prejudice on April 17, 2014.

16.     On March 20, 2014, three weeks before the Delaware Action was dismissed, Hogan Lovells was contacted, through undersigned counsel, by newly-retained counsel for Conversant, William T. Reid III of Texas-based law firm of Reid, Collins, & Tsai LLP.  Mr. Reid stated that Conversant was planning to assert a professional negligence claim against Hogan Lovells arising out the firm's representation of Conversant in the ITC Investigation and Delaware Action.  Mr. Reid went so far as to outline tens-of-millions of dollars in purported damages attributable to Hogan Lovells and fees that it intended to claw back.  Over the course of multiple discussions, Mr. Reid made clear that Conversant intends to file a complaint against Hogan Lovells in court, unless a resolution can be reached, despite his awareness of the signed Retainer Agreement and arbitration clause.

17.     In compliance with Section 10 of the Retainer Agreement, Hogan Lovells has simultaneously filed and served a Demand for Arbitration with the American Arbitration Association (as required by the Retainer Agreement), asserting that Conversant's threatened professional negligence claim is barred by the applicable statute of limitations.

18.     In sum, Conversant has directly threatened legal action against Hogan Lovells arising out of Hogan Lovells' representation of Conversant pursuant to the Retainer Agreement, has stated that the arbitration clause in the Retainer Agreement does not require arbitration of this dispute, and has threatened to file a complaint against Hogan Lovells in court.  Conversely, in compliance with the Retainer Agreement, Hogan Lovells has filed and served a Demand for Arbitration with the American Arbitration Association, seeking, among other things, a finding that Conversant's threatened professional negligence claim is barred by the applicable statute of limitations. Therefore a real dispute exists between the parties regarding Conversant's claim of professional negligence, including whether the claim is time barred, as Hogan Lovells asserts. Hogan Lovells believes and asserts that all of these disputes must be resolved by arbitration pursuant to the parties' Retainer Agreement.

4

820534.02

## FIRST CAUSE OF ACTION

### Application to Compel Arbitration under the FAA

19.     Hogan Lovells hereby incorporates paragraphs 6 – 18 by reference.

20.     The Federal Arbitration Act, 9 U.S.C. § 1, *et seq.*, requires this Court to compel arbitration of a dispute if the parties entered into a valid and enforceable arbitration agreement, and the arbitration agreement encompasses the claims at issue.

21.     The arbitration clause in the Retainer Agreement is valid and enforceable, as it was part of a freely bargained agreement between two sophisticated parties.

22.     The arbitration clause in the Retainer Agreement covers the claims threatened by Conversant, which sound in professional negligence.  By its terms, the Retainer Agreement requires arbitration of "any disputes or claims of any type or nature with respect to services rendered" by Hogan Lovells to Conversant.  This language covers all claims arising out of or related to Hogan Lovells' representation of Conversant, including any claims for legal malpractice, professional negligence, or breach of fiduciary duty.

23.     Hogan Lovells has been aggrieved by Conversant's refusal to acknowledge the validity of the parties' written agreement for arbitration.

24.     An order from this Court—compelling arbitration of any claim(s) by respondent against Hogan Lovells arising out of or relating to Hogan Lovells' legal representation of Conversant, and declaring that the parties' agreement to arbitrate is valid and covers any such claims—is necessary to protect Hogan Lovells' rights under the parties' agreement to arbitrate.

## PRAYER FOR RELIEF

Wherefore, Hogan Lovells prays for:

An order compelling arbitration of any claim(s) by respondent against Hogan Lovells arising out of or relating to Hogan Lovells' legal representation of Conversant as part of the arbitration proceeding initiated by Hogan Lovells on May 13, 2014 (concurrently with filing of the instant petition) relating to the same representation;

A declaratory judgment that the arbitration provision in the parties' Retainer Agreement is valid and enforceable, and covers any dispute arising out of or relating to Hogan Lovells' legal

5

820534.02

1    representation of Conversant;

2           Costs, attorneys' fees, and interest thereon, as provided by law; and

3           Any such other relief as the Court deems proper.

4

5    Dated:  May 13, 2014                           KEKER & VAN NEST LLP

6

7                                          By:   */s/ Elliot R. Peters*
                                                 ELLIOT R. PETERS
8                                                KHARI J. TILLERY
                                                 BEN ROTHSTEIN

9
                                                 Attorneys for Petitioner HOGAN
10                                               LOVELLS US LLP

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

6

HOGAN LOVELLS US LLP'S PETITION TO COMPEL ARBITRATION PURSUANT TO 9 U.S.C. § 4
Case No.

820534.02